**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

DADRAIN DANTWONE BANKS                                    PLAINTIFF

V.                          No. 4:19CV00535-SWW-JTR

ISRAEL, Deputy,
Pulaski County Jail, *et al.*                            DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States

District Judge Susan Webber Wright. You may file written objections to all or part

of this Recommendation. If you do so, those objections must: (1) specifically explain

the factual and/or legal basis for your objection; and (2) be received by the Clerk of

this Court within fourteen (14) days of the date of this Recommendation. If you do

not file objections, Judge Wright can adopt this Recommendation without

independently reviewing all of the evidence in the record. By not objecting, you may

waive the right to appeal questions of fact.

### I. Introduction

On August 1, 2019, Plaintiff Dadrain Dantwone Banks ("Banks") initiated

this *pro se* § 1983 action while he was incarcerated in the Pulaski County Detention

Facility ("PCDF"). *Doc. 2.* Banks appeared to be alleging that PCDF guards,

commissary employees, and nurses had interfered with his commissary privileges,

as a form of sexual harassment and mental and physical abuse. *Doc. 2*. Because his claims were vague, conclusory, and difficult to understand, the Court entered an Order, on September 3, 2019, allowing him thirty days to file an Amended Complaint. *Doc. 6*. Banks was subsequently transferred to the Arkansas State Hospital, then back to the PCDF, and then to the Garland County Detention Facility, where he is now incarcerated. *See Docs. 7, 17, 22*. Because of his several transfers and his assertion that he did not receive any mail for approximately six months, this Court granted Banks another opportunity file an Amended Complaint. *Doc. 35*.

By Order dated November 13, 2020 (*Doc. 35*), the Court allowed Banks an additional thirty (30) days to file an Amended Complaint that corrected the deficiencies pointed out in the Court's September 3, 2019 Order (*Doc. 6*). This Order also put Banks on notice that if he failed to file an Amended Complaint, his original complaint was likely to be dismissed, without prejudice, for failure to state a claim for relief and to comply with the Federal Rules of Civil Procedure. *Doc 35*. Although Banks has made more than thirty (30) other filings in this case since the November 13, 2020 order, he never filed an Amended Complaint, and the time for doing so has expired. Thus, as previously stated, the Court will screen his original Complaint, pursuant to the Prison Litigation Reform Act.[1]

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are

Banks's Complaint alleged that: (1) on four occasions, Defendants Sergeant Mussaddqi, Deputy Israel and Deputy Foley "worked with the Commissary Ladies to expose his naked body to others"; (2) unidentified nurses, on unspecified dates, "forced him to choose between eating commissary items or being hungry with no commissary food"; (3) unspecified "Sgt. Deputies," and Defendants Lieutenant Voghn, Lieutenant Freeman and Sergeant Carnner, "stop[ped] his commissary privileges to advance their sexual harassment efforts" and abuse him mentally, verbally and physically; and (4) unidentified officers mentally abused him, on unspecified dates, because they knew he was "red-tagged" for a mental evaluation at the State Hospital. *Doc. 2*. Banks attached commissary tickets and receipts to his Complaint, but did not connect them to any of his allegations. He also appeared to be naming a number of Doe Defendants who are unknown commissary employees and supervisors. Finally, Banks indicated that he wanted to add a "John Doe" *plaintiff* named "Radol," whose whereabouts are unknown. *Doc. 2 at 1*.

## II. Discussion

For the reasons explained below, the Court recommends that all claims asserted by Banks be dismissed, without prejudice, for failure to state a claim.

---

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

First, "[a] prisoner cannot bring claims on behalf of other prisoners." *Martin v. Sargent,* 780 F.3d 1334, 1337 (8th Cir. 1985); 28 U.S.C. § 1654 (parties must "plead and conduct their own cases personally or by counsel"). Thus, Banks cannot bring claims on behalf of "Radol" or any other plaintiff.

Second, the allegations in Banks's Complaint are vague and difficult to understand. To survive § 1915A screening, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). "[N]aked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief. *Id.* Instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Finally, a plaintiff must plead facts showing how each defendant was *personally involved* in the alleged constitutional wrongdoing. *Iqbal*, 556 U.S. at 676; *see also* Fed. R. Civ. P. 8(d) (requiring a complaint to contain allegations that are "simple, concise, and direct").

Here, Banks's Complaint does not sufficiently identify all Defendants; fails to explain how he believes each Defendant deprived him of his constitutional rights; does not set forth the circumstances surrounding how, when, and to whom his naked body was "exposed" or how he was harmed by being seen naked; does not explain

4

how he was harmed by being denied commissary items or privileges; does not explain how Defendants Voghn, Freeman and Carnner allegedly "sexually harassed" and "abused" him; nor does he provide when each of the alleged constitutional violations occurred. In sum, Banks's vague, conclusory, and threadbare claims regarding his treatment at PCDF do not satisfy the *Iqbal* pleading requirements, and therefore should be dismissed, without prejudice, for failing to state a claim for relief and to comply with the Federal Rules of Civil Procedure.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  All claims asserted by Banks in this action be dismissed, without prejudice;

2.  Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3.  All pending motions (*Docs. 45, 50, 51, 52, 57, 61, 64, 66, 68*) be denied as moot;

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 2nd day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

5